UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LILBERT H GREGORY,

    Petitioner,

v.

NOAH NAGY, *Warden*,

    Respondent.

Case No. 21-12306
Honorable Laurie J. Michelson

**OPINION AND ORDER
DISMISSING PETITION WITHOUT PREJUDICE**

Lilbert Gregory, a Michigan prisoner, has filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241. He alleges that the combination of his health conditions and the presence of COVID-19 at his correctional facility is a violation of due process. Gregory thus seeks immediate release from prison.

As will be explained, Gregory has not exhausted his state court remedies and, therefore, the petition will be dismissed without prejudice.

**I.**

In 2019, Gregory was convicted in the Macomb County Circuit Court of armed robbery and carrying a firearm during the commission of a felony. He is serving an aggregate sentence of 13 to 25 years. Gregory is presently incarcerated at the G. Robert Cotton Correctional Facility in Jackson, Michigan.

Gregory seeks immediate release from prison on the ground that his age, health conditions, and COVID-19 create a substantial risk of death. Gregory states

that he has been diagnosed with stage IV prostate cancer, suffers from diabetes, and is confined to a wheelchair. (*See* ECF No. 1, PageID.3; ECF No. 11, PageID.884–885.) According to the September 21, 2021 petition, "[m]edical providers have given [Gregory] a life expectancy of six months to a year." (ECF No. 1, PageID.6.) Gregory claims that prison officials are ignoring his status as a high-risk prisoner and are unwilling to treat his cancer. (ECF No. 1, PageID.6, ECF No.12, PageID.892–93.)[1] It also appears that after filing his petition in this case, Gregory tested positive for COVID-19. (ECF No. 12, PageID.901.) Gregory does not detail the severity of his infection nor does he allege that he suffers from any long-term effects. But he does maintain that his age and chronic illnesses place him at significant risk of reinfection. (*Id.* at PageID.891.) Gregory seeks immediate, temporary release from custody because, he alleges, during the COVID-19 pandemic, no set of conditions could make his incarceration constitutionally acceptable.

Warden Noah Nagy makes several arguments in opposition to Gregory's petition. (ECF No. 7.) The Warden maintains that the petition challenges the conditions of Gregory's confinement rather than the fact of his confinement and, therefore, he should have sought relief under 42 U.S.C. § 1983. The Warden further argues that even if the claim is properly raised in a habeas petition, Gregory has

---

[1] Approximately seven months before filing his petition, Gregory filed a civil rights action pursuant to 42 U.S.C. § 1983 against Michigan Department of Corrections employees concerning the failure to diagnose and treat his prostate cancer. *See Gregory v. Washington*, No. 4:21-cv-10408-MFL (E.D. Mich. filed Feb. 5, 2021). Unlike this case, Gregory's claims in that case focus primarily on defendants' past conduct. (*See id.* at PageID.27.)

2

failed to exhaust state court remedies and, alternatively, has failed to establish entitlement to habeas relief.

## II.

### A.

The Court first addresses the Warden's claims that Gregory should have sought relief pursuant to § 1983 and that even if Gregory can seek relief via a petition for writ of habeas corpus, he must do so under § 2254. (ECF No. 7, PageID.45–50.)

The Court disagrees with the Warden on both fronts. The Sixth Circuit has rejected the proposition that a COVID-19-related challenge to a prisoner's confinement must always be brought under § 1983. *See Wilson v. Williams*, 961 F.3d 829, 838 (6th Cir. 2020). Instead, the Sixth Circuit has found a "pandemic-related constitutional claim . . . cognizable under § 2241 . . . [where the petitioner] sought release from confinement and claimed that no other set of conditions would remedy the alleged violation." *Smith v. Jackson*, No. 20-2264, 2021 WL 2555478, at *2 (6th Cir. June 3, 2021) (citing *Wilson*, 961 F.3d at 837–38); *see also Smith v. Jackson*, No. 20-2264, 2021 WL 2555478, at *2 (6th Cir. June 3, 2021) (state prisoner could properly file a petition under § 2241 to pursue release from confinement based on pandemic-related claims). Here, Gregory raises just such a claim. Thus, his petition is properly filed under § 2241.

### B.

A state prisoner must exhaust available state court remedies before seeking relief in federal court under § 2241. *Smith v. Jackson*, No. 20-2264, 2021 WL 2555478,

3

at *2 (6th Cir. June 3, 2021) (citing *Winburn v. Nagy*, 956 F.3d 909, 913 (6th Cir. 2020)); *Phillips v. Court of Common Pleas*, 668 F.3d 804, 810 (6th Cir. 2012).

Gregory has not alleged that he exhausted his claims in the state courts. Instead, he suggests that he is not required to exhaust state court remedies because he is not seeking permanent release and because he is not targeting his judgment of conviction. (ECF No. 12, PageID.893.)

The Court is aware of no precedent excusing the exhaustion requirement for the reasons advanced by Gregory, and the Sixth Circuit has required exhaustion under like circumstances. *See, e.g. Smith v. Jackson*, No. 20-2264, 2021 WL 2555478, at *2 (6th Cir. June 3, 2021) (affirming district court's dismissal of state prisoner's § 2241 petition for failure to exhaust his claim that he should be released because of the COVID-19 pandemic); *Whitley v. Horton*, No. 20-1866, 2020 WL 8771472 (6th Cir. Dec. 11, 2020) (same).

The Court acknowledges that since his incarceration, Gregory has asked the state courts to release him due to his health conditions or the combination of his health conditions and COVID-19.

First, in July 2020, while his direct appeal was pending, Gregory filed a motion for bond with the Michigan Court of Appeals. (ECF No. 8-14, PageID.572.) Gregory mentioned several health conditions, including his then-recent diagnosis of prostate cancer. (*See id.*) It appears that the Michigan Court of Appeals returned this motion to Gregory (*see id.*), and he subsequently filed it with the state trial court. In January 2021, the state trial court denied the bond motion. *See* Complaint at PageID.28–29,

4

*Gregory v. Washington*, No. 21-10408 (E.D. Mich. filed Feb. 5, 2021). The state trial court stated in part, "Regardless of the independent compelling reasons identified by [Gregory], including COVID-19 and [his] medical condition, for which this Court has the utmost sympathy, this Court is without authority to grant [him] a bond pending appeal." *Id.*

While the motion for bond was pending, Gregory also filed an "emergency motion for medical probation," seeking release based in part on his cancer, his diabetes, and COVID-19. (*See* ECF No. 8-14, PageID.677–681.) That motion was later withdrawn. *See People v. Gregory*, No. 2018-004418-FC (Mich. 16th Cir. Ct. Nov. 16, 2020).

Finally, in June 2021, Gregory filed a motion for relief from judgment with the state trial court; that motion was denied in July 2021. *See People v. Gregory*, No. 2018-004418-FC (Mich. 16th Cir. Ct. July 27, 2021). Neither the motion nor the state court's opinion are part of the Rule 5 materials. Thus, it is not clear to this Court whether the motion related to Gregory's health and COVID-19.

Although Gregory has made some attempts at presenting his claim to the state trial courts, there is no indication that after the state trial court denied relief, he appealed those decisions or sought leave to appeal those decisions. Yet proper exhaustion of a claim requires presenting the claim to the Michigan Court of Appeals and the Michigan Supreme Court. *See Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009).

The Sixth Circuit has recognized that prisoners who challenge their confinement based on COVID-19-related grounds have available remedies in Michigan state courts. Gregory can "file a postconviction motion, a state habeas corpus petition, or a state civil action, in which he can raise the claims raised in his present petition." *See Whitley*, 2020 WL 8771472, at *2 (citing *Kent County Prosecutor v. Kent County Sheriff*, 409 N.W.2d 202, 208 (Mich. 1987)); *Carter v. Cheeks*, No. 21-1171, 2021 WL 3671139, at *2 (6th Cir. July 23, 2021) (finding that Michigan courts provide several ways for a state prisoner to seek temporary release because of the risk presented by COVID-19 in the prison setting); *Kent County Prosecutor*, 409 N.W.2d at 208 ("No one now doubts the authority of the [state] courts to order the release of prisoners confined under conditions violating their Eighth and Fourteenth Amendment rights.").[2]

In sum, Gregory has failed to pursue his habeas claims all the way through the Michigan judicial system so they are unexhausted. And Michigan provides a mechanism through which he may still exhaust his claims. If Gregory has terminal cancer and only months to live, this Court would hope to receive guidance from a state court opinion addressing Gregory's claims should the case need to come back here for relief. The Court will therefore dismiss the petition without prejudice.

---

[2] Although it might not count as exhaustion for purposes of later filing a federal petition for habeas corpus, the Court notes that Gregory may be able to seek relief from the parole board. *See* Mich. Comp. Laws § 791.235(10) ("Except for a prisoner who was convicted of any crime that is punishable by a term of life imprisonment without parole or of a violation of . . . MCL 750.520b, the parole board may grant a medical parole for a prisoner determined to be medically frail."); *see also* Mich. Comp. Laws § 791.235(11).

## III.

For the reasons given, Gregory's petition for a writ of habeas corpus is DISMISSED WITHOUT PREJUDICE. His motion for an extension of time to file a reply brief (ECF No. 10) is GRANTED. Gregory's request for a temporary restraining order or preliminary injunction (ECF No. 11) is DENIED.

SO ORDERED.

Dated: April 21, 2022

                                                s/Laurie J. Michelson
                                                LAURIE J. MICHELSON
                                                UNITED STATES DISTRICT JUDGE